IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
AUG 28 2013
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:05CR98–HEH |
| ) | Civil No. 3:13CV408–HEH |
| ANTHONY DEWAYNE GILLIS ) | |

**MEMORANDUM OPINION**
(Dismissing Successive 28 U.S.C. § 2255 Motion)

By Memorandum Opinion and Order entered on November 16, 2009, the Court denied a motion under 28 U.S.C. § 2255 filed by Anthony Dewayne Gillis. (ECF Nos. 177–78). On May 14, 2013, the Court received a "Sentenc[e] Reduction Pursuant to § 3582(c)(2) and § 3553(a)(2)(D)" (ECF No. 207 ("Motion")) in which Gillis challenges his conviction and sentence for possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c). As explained below, Gillis's Motion must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

A motion pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the

applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (emphasis in original) (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)).

Here, Gillis challenges his section 924(c) firearm conviction and sentence because "he feels that he was violated of his Eighth Amendment right because of his [section] 924(c) possession charges when he just traded some firearms for some drugs, or drugs for guns, without performing any violence with any of the firearms." (Mot. 3 (punctuation corrected).) Gillis's Motion challenges the constitutionality of his sentence and falls within the scope of 28 U.S.C. § 2255(a). The Court has not received authorization from the Fourth Circuit to hear Gillis's successive § 2255 Motion. Accordingly, the § 2255 Motion (ECF No. 207) will be dismissed for want of jurisdiction.

2

To the extent Gillis wishes to file a motion for a reduction in sentence under 18 U.S.C. § 3582, he may not raise constitutional claims within such a motion. *See United States v. Dawkins*, No. 12-6813, 2013 WL 3871009, at *1 (4th Cir. July 29, 2013) (explaining that challenges to an original conviction and sentence "are not cognizable in a § 3582 proceeding" (citing *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011))). Motions under 18 U.S.C. § 3582 may only raise issues related to retroactive amendments to the United States Sentencing Guidelines. Thus, Gillis's instant request for relief under 18 U.S.C. § 3582(c)(2) will be denied without prejudice.[1]

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Gillis has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order will follow.

                                                  /s/
                                     HENRY E. HUDSON

Date: Aug 27, 2013
                                   UNITED STATES DISTRICT JUDGE
Richmond, Virginia

---

[1] Moreover, Gillis currently has a § 3582 motion pending before the Court. (*See* ECF No. 197.)